503 F.Supp. 199 (1980)
AETNA INSURANCE COMPANY, Plaintiff,
v.
DOHECA A & W FAMILY RESTAURANT, NO. 501, INC., and Douglas Bobo, and St. John's Bank & Trust Co., Defendants,
and
Melvin Bush and Bowersox Insurance Agency Co., Third-Party Defendants.
No. 79-1269C(4).
United States District Court, E. D. Missouri, E. D.
December 1, 1980.
Joseph L. Leritz, St. Louis, Mo., for plaintiff.
Wuestling & James, George J. Bude, Donald V. Nangle, and Peter Ferrara, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court for a decision on the merits following a two-day bench trial on October 27-28, 1980. A jury trial on the remaining issues, including the question of damages is set for December 8, 1980.
Plaintiff brings this action pursuant to 28 U.S.C. § 2201 for a declaratory judgment that plaintiff has no liability on an insurance contract. Defendants filed a counterclaim seeking reformation of the contract.
Equitable issues, separated for this non-jury trial, involve
(1) the proper name of the insured;
(2) the name of the mortgagee; and

*200 (3) whether a business interruption clause exists and its status.
After consideration of the testimony adduced at trial, the exhibits introduced in evidence, the briefs of the parties, and the applicable law, and being fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such, and conversely, any conclusion of law applicable as a finding of fact is adopted as such.

Findings of Fact
1. Aetna Insurance Company [Aetna] is a corporation organized and existing under the laws of the State of Connecticut, with its sole principal office and place of business in the State of Connecticut. Aetna is duly licensed by the State of Missouri to write and issue policies of fire insurance.
2. Doheca's A & W Family Restaurant No. 501, Inc. [Doheca] is a corporation organized under the laws of the State of Missouri and is a citizen of and has its principal place of business in the State of Missouri. Doheca operated A & W Restaurants at 5990 Page Avenue, St. Louis, Missouri, and at 8654 Natural Bridge Road, St. Louis County, Missouri.
3. St. John's Bank and Trust Company [St. John's] is a banking corporation organized and existing under the laws of the State of Missouri and is a citizen of and has its principal place of business in St. Louis County, Missouri.
4. At all times pertinent, Bowersox Agency was the agent of Aetna pursuant to an agreement effective March 1, 1978.
5. At all times relevant herein, Melvin Bush was an independent insurance broker licensed in Missouri. In March of 1979, Bush was appointed by Bowersox as a broker to place insurance through Bowersox. Bowersox agreed to pay Bush 50 percent of any commissions upon any business produced by Bush.
6. At all times relevant herein, Douglas Bobo was the owner of 59 percent of the issued and outstanding capital stock in Doheca.
7. The property and premises at 8654 Natural Bridge Road were deeded to Douglas Bobo by general warranty deed dated June 21, 1978. Douglas Bobo owned the property at 8654 Natural Bridge Road, but leased the property and premises to Doheca as a tenant at will for purposes of operating a restaurant. Purchasing the property in his own name rather than in Doheca's name, Bobo avoided a $17,000 franchise fee that would have been payable to A & W International.
8. At collateral for a loan obtained by Bobo from St. John's for the purchase of the property at 8654 Natural Bridge Road, Bobo assigned a policy of insurance on his life to St. John's; pledged his shares of Doheca stock to St. John's; and executed a deed of trust dated June 23, 1978, covering the building and premises at 8654 Natural Bridge Road to St. John's.
9. St John's required Bobo to secure insurance on the property in sufficient amount to protect the interest of St. John's as an essential condition for the loan.
10. Bobo initially obtained insurance through the Home Insurance Corporation. Bobo contacted Melvin Bush to arrange for a new insurance policy following cancellation of the Home Insurance Corporation policy in April of 1979.
11. Bobo advised Bush that St. John's was the mortgagee of the property and premises at 8654 Natural Bridge Road. In transcribing the application for insurance onto a form provided by Bowersox for submission to Aetna, Bush inadvertently indicated St. Ann's Bank as the mortgagee. Subsequently, Bowersox inadvertently failed to name any mortgagee on the application ultimately submitted to Aetna.
12. At Bobo's direction, the application submitted by Bush to Bowersox provided for insurance coverage for business interruption for losses up to $10,000 per month. The page containing the business interruption clause was inadvertently omitted when Bowersox forwarded the application to Aetna.
*201 13. On or about May 1, 1979, Aetna received a three-page application for insurance coverage on the property and premises at 8654 Natural Bridge Road. The application received by Aetna from Bowersox did not contain a request for business interruption coverage.
14. St. John's, Bobo, Bush, and Bowersox on behalf of Aetna, clearly intended to have the mortgagee of the property at 8654 Natural Bridge Road named in the insurance policy issued by Aetna. Inclusion of a mortgagee as an additional insured would not have increased the insurance premium.
15. Aetna issued policy no. SMP 343 247 to Doheca, but did not name any mortgagee in the policy. This policy insured Doheca against losses to the premises at 8654 Natural Bridge Road for the period from May 1, 1979, through May 1, 1982. Aetna cancelled the policy on July 7, 1979. Aetna did not return the premium payments it received covering the period May 1, 1979, through July 7, 1979.
16. Doheca owned the fixtures and assets at 8654 Natural Bridge Road, and was responsible for all operating expenses of the operation. All improvements, maintenance, and repairs to said property were made by Doheca. Doheca treated the property as a corporate asset.
17. Doheca operated a restaurant at 8654 Natural Bridge Road for a period prior to May 1, 1979, through June 8, 1979.
18. As a result of a fire at 8654 Natural Bridge Road, occurring on June 8, 1979, Doheca suffered a substantial economic deprivation. Doheca attempted to salvage the remains of the operation after the fire.
19. Aetna denied liability for any fire loss, stating the following reasons:
(a) It has been determined by the investigating authorities that the fire on June 8 was caused by arson;
(b) The damages claimed in the proof of loss are not supported by the facts;
(c) The insured has violated certain provisions of the insurance policy; and
(d) Doheca did not own nor have any insurable interest in the building and premises at 8654 Natural Bridge Road.

Conclusions of Law
1. This Court has jurisdiction pursuant to 28 U.S.C. § 2201.
2. Having retained premium payments for the period May 1, 1979, through July 7, 1979, Aetna is estopped from denying coverage for the fire loss of June 8, 1979. See Oklahoma Morris Plan Co. v. Security Mut. Cas. Co., 323 F.Supp. 1057, 1059-60 (E.D.Mo.1970).
3. Bobo, as the owner of the property located at 8654 Natural Bridge Road, and Doheca, as a tenant at will, each had sufficient pecuniary interest in the preservation of the insured property to constitute an insurable interest. See American Central Ins. Co. v. Kirby, 294 S.W.2d 556, 561 (Mo.App.1956), quoted in Lumberman's Mut. Ins. Co. v. Edmister, 412 F.2d 351, 353 (8th Cir. 1969).
4. Reformation of an insurance contract is appropriate where, as in the instant case, clear and convincing evidence establishes that the instrument as executed is insufficient to effectuate the intentions of the parties. St. Louis County Nt'l Bank v. Maryland Cas. Co., 564 S.W.2d 920, 924 (Mo.App.1978).
5. The parties intended St. John's to be named as an insured under the loss payee clause of Aetna policy no. SMP 343 247. Aetna should not be able to avoid its obligation under the policy merely because St. Ann's Bank was mistakenly named on the policy application. See Lighting Fixture and Electric Supply Co. v. Continental Ins. Co., 420 F.2d 1211 (5th Cir. 1969).
6. The evidence is insufficient to warrant reformation of the contract to include business interruption insurance.
Therefore, judgment will be entered for defendants and against plaintiff, consistent with the foregoing findings.